UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Dr. Hamid Abbasi,
and MWBS Holdings, LLC,

        Plaintiffs,

v.

Leading Edge Aviation Services, Inc.,
and Douglas Duncan Aviation, LLC,

        Defendants.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 16-295 ADM/KMM

___

Sharon L. Van Dyck, Esq., and Donald Chance Mark, Jr., Esq., Fafinski Mark & Johnson, PA, Eden Prairie, MN, on behalf of Plaintiffs.

Don Swaim, Esq., Cunningham Swaim, LLP, Dallas, TX, and Cheryl A. Hood Langel, Esq., McCollum Crowley Moschet Miller & Laak, Ltd., Minneapolis, MN, on behalf of Defendant Douglas Duncan Aviation, LLC.

Ryan O. Vettleson, Esq., Gaskins Bennett Birrell Schupp, LLP, Minneapolis, MN, on behalf of Defendant Leading Edge Aviation Services, Inc.

___

## I. INTRODUCTION

On June 29, 2016, the undersigned United States District Judge heard oral argument on Defendant Douglas Duncan Aviation, LLC's ("Douglas Duncan") Motion to Dismiss for Lack of Jurisdiction [Docket No. 12]. For the reasons stated below, Douglas Duncan's motion is granted.

## II. BACKGROUND[1]

On March 29, 2013, Plaintiff Hamid Abbasi was flying to Alexandria, Minnesota with his wife and children aboard the Cirrus aircraft he owned and piloted. Compl. [Docket No. 1-1]

___

[1] In considering a motion to dismiss, the pleadings are construed in the light most favorable to the nonmoving party, and the facts alleged in the complaint must be taken as true. Hamm v. Groose, 15 F.3d 110, 112 (8th Cir. 1994).

¶¶ 13–14. On approach to the Alexandria airport, Abbasi heard a loud banging on the right side of the aircraft. Id. ¶ 13. The aircraft began to lose altitude and veered to the right. Id. Fearing the worst, Abbasi deployed the aircraft's parachute to make an emergency landing on a frozen lake.[2] Id. ¶ 14. No one was seriously injured, but the aircraft was totally destroyed. Id. ¶ 15.

Abbasi and Plaintiff MWBS Holdings, LLC—the entity through which Abbasi owned the aircraft—commenced this action against Defendants Leading Edge Aviation Services, Inc. ("Leading Edge") and Douglas Duncan in Minnesota state court. Plaintiffs allege that the crash occurred because the right wing flap was missing a safety wire and malfunctioned. Id. ¶¶ 19–23. They claim that Leading Edge failed to install the safety wire when it replaced both wing flaps in August 2011 and failed to identify and correct the missing safety wire when it performed additional work and conducted an annual inspection in July 2012. Id. ¶¶ 9–10, 25. They further claim that Douglas Duncan failed to identify and correct the missing safety wire when it performed a "pre-buy inspection" of the aircraft in November 2012. Id. ¶¶ 11, 28.

Leading Edge removed the case to federal court and filed an answer. See Not. Removal [Docket No. 1]; Answer [Docket No. 2]. Douglas Duncan brought the present motion to dismiss for lack of personal jurisdiction.

### III. DISCUSSION

**A. Personal Jurisdiction Standard**

Rule 12 of the Federal Rules of Civil Procedure provides that a party may move to dismiss a complaint for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). "To survive a motion to dismiss for lack of personal jurisdiction, a plaintiff 'must state sufficient facts in the

---

[2] The plane was equipped with the Cirrus Airframe Parachute System, a whole-airplane parachute that is designed to lower the aircraft to the ground in the event of an emergency.

complaint to support a reasonable inference that the defendants can be subjected to jurisdiction within the state.'" Dever v. Hentzen Coatings, Inc., 380 F.3d 1070, 1072 (8th Cir. 2004) (quoting Block Indus. v. DHJ Indus., Inc., 495 F.2d 256, 259 (8th Cir. 1974)). "If the defendant controverts or denies jurisdiction, the plaintiff bears the burden of proving facts supporting personal jurisdiction. The plaintiff's showing must be tested, not by the pleadings alone, but by the affidavits and exhibits presented with the motions and in opposition thereto." Wells Dairy, Inc. v. Food Movers Int'l, Inc., 607 F.3d 515, 518 (8th Cir. 2010) (quotation omitted).

Personal jurisdiction is limited by two considerations: the long-arm statute of the forum state and the Due Process Clause. Minn. Mining & Mfg. Co. v. Nippon Carbide Indus. Co., 63 F.3d 694, 696–97 (8th Cir. 1995). Minnesota's long-arm statute conveys personal jurisdiction to the maximum extent allowed by due process, so the operative question is whether exercising personal jurisdiction would offend due process. Id. at 697.

Due process requires that the defendant have "minimum contacts" with the forum state such that exercising personal jurisdiction over the defendant "does not offend 'traditional notions of fair play and substantial justice.'" Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (quoting Milliken v. Meyer, 311 U.S. 457, 463 (1940)). Under the minimum contacts test, a court asserting jurisdiction is appropriate where a corporate defendant has purposefully availed itself of the privilege of conducting business activities in the forum state and, therefore, should reasonably anticipate being haled into court there. World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980). Attenuated contacts will not suffice; rather, the contacts must establish a "substantial connection" between the defendant and the forum state. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985).

The Eighth Circuit uses a five-factor test to evaluate minimum contacts. Pecoraro v. Sky

Ranch for Boys, Inc., 340 F.3d 558, 562 (8th Cir. 2003) (citing Digi-Tel Holdings, Inc. v. Proteq Telecomms. (PTE), Ltd., 89 F.3d 519, 522–23 (8th Cir. 1996)).  The three primary factors relate to the contacts themselves:  (1) the nature and quality of the defendant's contacts with the forum state; (2) the quantity of contacts; and (3) the relationship between the cause of action and the contacts.  Id.  Two secondary factors are the forum state's interest in providing a forum for its residents and the convenience of the parties.  Id.

The third minimum contacts factor—the relationship between the cause of action and the contacts—distinguishes whether the personal jurisdiction is "general" or "specific."  Digi-Tel, 89 F.3d at 522 n.4.  When the defendant has "continuous and systematic" contacts with the forum state, the court may have general jurisdiction over the defendant even in cases unrelated to the contacts.  Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414–16 (1984).  When the defendant's contacts are not continuous and systematic, the court may have specific jurisdiction over the defendant in cases that "arise out of or relate to" the defendant's contacts with the forum state.  Burger King, 471 U.S. at 472.  In this case, Plaintiffs argue that the Court has specific jurisdiction over Douglas Duncan; general jurisdiction is not at issue.  Pls.' Mem. Opp. Mot. Dismiss [Docket No. 30] at 9–10.

**B. Douglas Duncan's Contacts with Minnesota**

The Complaint contains no factual allegations that Douglas Duncan has had contact with Minnesota.  Indeed, the only factual allegations in the Complaint pertaining to Douglas Duncan are that (1) it is a limited liability company incorporated in South Carolina and (2) it performed a pre-buy inspection of the aircraft that crashed and gave rise to this dispute.  See Compl. ¶¶ 4, 11.  Douglas Duncan argues that Plaintiffs' failure to plead facts supporting a finding of personal jurisdiction is ground for dismissal.  Plaintiffs contend that the personal jurisdiction analysis

must consider the declarations submitted in connection with the present motion. As relevant here, those declarations indicate that the pre-buy inspection occurred in South Carolina; that Douglas Duncan has a contract to be an authorized service center for Cirrus, which is headquartered in Minnesota; that Abbasi believed the pre-buy inspection would meet Cirrus' specifications; and that Douglas Duncan exchanged emails with Abbasi and Cirrus in Minnesota related to the pre-buy inspection. See Sall Decl. [Docket No. 31]; Abbasi Decl. [Docket No. 32]. Douglas Duncan argues that even if those additional facts are considered, they still fall short of the minimum contacts required for personal jurisdiction.

Douglas Duncan is correct that a plaintiff "must state sufficient facts in the complaint to support a reasonable inference that the defendants can be subjected to jurisdiction within the state." Dever, 380 F.3d at 1072 (emphasis added and quotation omitted). Nothing in the Complaint supports a reasonable inference that Douglas Duncan "purposefully avail[ed] itself of the privilege of conducting activities" in Minnesota. World-Wide Volkswagen, 444 U.S. at 297. Accordingly, Douglas Duncan's motion to dismiss for lack of personal jurisdiction will be granted.

Plaintiffs' argument that their prima facie showing of personal jurisdiction "must be tested, not by the pleadings alone, but by the affidavits and exhibits presented with the motions and in opposition thereto" is incorrect for two reasons. Dever, 380 F.3d at 1072 (quotation omitted). First, Plaintiffs' argument ignores the sequence of procedures laid out in Dever. The plaintiff must make a prima facie showing "[o]nce jurisdiction has been controverted or denied" by the defendant. Id. That does not relieve the plaintiff of its obligation to plead sufficient jurisdictional facts in the complaint. Second, the purpose of looking beyond the pleadings when considering the plaintiff's prima facie showing is not to excuse the insufficiency of the complaint

5

but rather to put the plaintiff to its proof.  Once a defendant offers affidavits to challenge personal jurisdiction, "facts, not mere allegations, must be the touchstone" in determining whether personal jurisdiction exists.  Id. (quoting Taylor v. Portland Paramount Corp., 383 F.2d 634, 639 (9th Cir. 1967)).

If and when Plaintiffs can plead facts that will satisfy the minimum contacts requirement, they may seek leave to amend their Complaint.  Plaintiffs should bear in mind that attenuated contacts will not suffice and that specific personal jurisdiction requires the case "arise out of or relate to" the defendant's contacts with the forum state.  Burger King, 471 U.S. at 472, 475.

## IV.  CONCLUSION

Based upon the foregoing, and all of the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Douglas Duncan Aviation, LLC's Motion to Dismiss for Lack of Jurisdiction [Docket No. 12] is **GRANTED**.

                                        BY THE COURT:


                                        s/Ann D. Montgomery
                                        ANN D. MONTGOMERY
                                        U.S. DISTRICT JUDGE

Dated:  July 26, 2016.